USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/21/08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

VERA CRAWFORD-BEY,

                Plaintiff,

-v-

COLUMBIA PRESBYTERIAN MEDICAL CENTER,

                Defendant.

No. 08 Civ. 5454 (RJS)
ORDER

RICHARD J. SULLIVAN, District Judge:

*Pro se* plaintiff Vera Crawford-Bey brings this action against defendant Columbia Presbyterian Medical Center pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e; the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 631-634; the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12112-12117; the New York State Human Rights Law, N.Y. Exec. Law §§ 290-297; and the New York City Human Rights Law, N.Y. City Admin. Code §§ 8-101-131. She asserts claims for race, age, and disability discrimination, retaliation, and hostile work environment. On July 25, 2008, plaintiff moved for the appointment of counsel. For the reasons that follow, plaintiff's motion is denied without prejudice.

There is no constitutional right to representation by counsel in civil proceedings. *See In re Martin-Trigona*, 737 F.2d 1254, 1260 (2d Cir. 1984); *Mackey v. DiCaprio*, 312 F. Supp. 2d 580, 581 (S.D.N.Y. 2004). The Court may however, in its discretion, request counsel to represent a party in non-criminal cases pursuant to 28 U.S.C. § 1915. *See* 28 U.S.C. § 1915(e)(1) ("The court may request an attorney to represent any person unable to afford counsel."); *see also In re Martin-Trigona*, 737 F.2d at 1260. In considering whether to appoint counsel, the Court's first inquiry is

whether plaintiff can afford to obtain counsel. *See Terminate Control Corp. v. Horowitz*, 28 F.3d 1335, 1341 (2d Cir. 1994). If the Court finds that a plaintiff cannot afford counsel, it must then examine the merits of the case and "determine whether the indigent's position seems likely to be of substance." *Hodge v. Police Officers*, 802 F.2d 58, 61 (2d Cir. 1986). "In order to make such a determination, the Court must decide whether, from the face of the pleadings, . . . the claims asserted by the plaintiff may have merit, or the plaintiff appears to have some chance of success." *West v. Brickman*, No. 07 Civ. 7260 (PKC) (DF), 2008 WL 3303773, at *1 (S.D.N.Y. Aug. 6, 2008) (citations and internal quotation marks omitted). "In trial courts, the preliminary assessment of likely merit must be undertaken somewhat more generously since the unrepresented litigant might have difficulty articulating the circumstances that will indicate the merit that might be developed by competent counsel." *Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997).

Thereafter, the Court should apply the factors set forth by the Second Circuit in *Hodge v. Police Officers*:

> the court should then consider the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.[1]

*Hodge*, 802 F.2d at 61-62; *see also Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989). The Court should also be mindful of the Second Circuit's instruction that volunteer lawyer time is a "precious commodity," and that "every assignment of a volunteer lawyer to an undeserving client deprives society of a volunteer lawyer available for a deserving cause." *Cooper*, 877 F.2d at 172.

---

[1] The provision for appointment of counsel, currently located at § 1915(e)(1), was, at the time of the *Hodge* decision, located at § 1915(d).

2

Here, in connection with her application for the appointment of counsel, plaintiff has submitted a declaration, under penalty of perjury, stating that she is unemployed, holds no stocks or bonds, and has no checking or savings account. (*See* Pl.'s Request to Proceed *In Forma Pauperis* for Application for the Court to Request Counsel (attached to motion) ¶¶ 1-8.) She further states that she owns no property other than an apartment that has negative value and is currently in foreclosure, and her income amounts to only $405 weekly in unemployment pay. (*See id.*) Based on these statements, plaintiff has demonstrated that she is unable to afford counsel.

Plaintiff's claims are also "likely to be of substance." Here, plaintiff, a former nurse coordinator for defendant, alleges in her complaint that the defendant discriminated against her and subjected her to a biased and hostile work environment. Specifically, plaintiff claims that her employer gave preferential treatment to "young white nurses," subjected her to "difficult conditions" including working in a room without a window or air conditioning despite her claustrophobia, denied her training necessary to effectively do her job, and ultimately terminated her employment based on "lateness" even though she had an agreement with defendant that she would work later in the day to accommodate her late arrival due to family obligations. (*See* Compl.) Based on these allegations, the Court finds that plaintiff's case "may have merit" and thus is likely to be of substance.

However, the Court finds that the balance of the *Hodge* factors weigh against the appointment of counsel at this juncture. First, plaintiff's assertion in her application that she "need[s] a lawyer for proper representation" is not sufficient to require the appointment of counsel. It may be accurate that plaintiff is an indigent individual not trained in the law, but that alone is insufficient to require the appointment of counsel, particularly where plaintiff has demonstrated that she is able, at least at this point in the litigation, to present her case effectively. Moreover, plaintiff's

3

claims are not particularly complex, and she has an ability to present them in a cogent and detailed fashion, as demonstrated in her filings with the Equal Employment Opportunity Commission, her complaint, and her status letter, dated July 31, 2008. Additionally, while it appears that conflicting evidence implicating the need for cross-examination may constitute at least a portion of the proof presented to the fact finder, *see Hodge*, 802 F.2d at 61-62, plaintiff has first-hand knowledge of many of the relevant facts and has demonstrated an ability to present them effectively. Finally, keeping in mind that the services of a volunteer attorney are a "precious commodity," *Cooper*, 877 F.2d at 172, the Court finds that plaintiff has put forth no "special reason" why appointment of counsel is particularly necessary in this case as opposed to the myriad other civil cases in which plaintiffs lack legal training, *see Hodge*, 802 F.2d at 62.

Accordingly, plaintiff's application for appointment of counsel is denied without prejudice to renewal at a later point if additional grounds for the application are presented to the Court. Any renewed application should be accompanied by an affidavit establishing facts supporting the *Hodge* factors as set forth above. The Clerk of the Court is respectfully directed to terminate the motion docketed at document number 6.

SO ORDERED.

Dated:   August 21, 2008
         New York, New York

                                                    RICHARD J. SULLIVAN
                                                    UNITED STATES DISTRICT JUDGE