UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

VERA CRAWFORD-BEY,                              :

               Plaintiff,                 :

        -against-                        :       **MEMORANDUM AND ORDER**

THE NEW YORK AND                              :       08 Civ. 5454 (RJS)(KNF)
PRESBYTERIAN HOSPITAL,
                                :

             Defendant.                 :

                                :
------------------------------------------------------------X

KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

## INTRODUCTION

The plaintiff, Vera Crawford-Bey ("Crawford-Bey"), proceeding pro se, brought the above-captioned action against The New York and Presbyterian Hospital (the "defendant" or "New York Presbyterian"), pursuant to: (a) Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e; (b) the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 631-34; (c) the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12112-17; (d) the New York State Human Rights Law, New York Executive Law §§ 290-97; and (e) the New York City Human Rights Law, New York City Administrative Code §§ 8-101-31. Crawford-Bey alleges that, based on her age, race and disability, the defendant subjected her to employment discrimination, retaliation and a hostile work environment.

The defendant made a motion, pursuant to prior orders of the Court, and Fed. R. Civ. P. 37(b) and (d), seeking, alternatively, an order: (i) dismissing the complaint; (ii) precluding the plaintiff from offering testimony or evidence, at trial, in support of her claims, because

Crawford-Bey failed to comply with orders issued previously by the Court; (iii) compelling the plaintiff to meet all her discovery obligations, promptly; (iv) compelling the plaintiff to appear for a deposition, in New York, on a date certain, and, furthermore, dismissing the action, with prejudice, should Crawford-Bey fail to attend the deposition; (v) awarding costs and disbursements incurred by the defendant in making its motion; and (vi) sanctioning the plaintiff in any other manner deemed proper by the Court.   The plaintiff did not serve and file a response to the motion.

## BACKGROUND

The plaintiff served the defendant with discovery demands dated October 20, 2008, styled "interrogatories," which sought to elicit information from four individuals who are not parties to this action.  The defendant objected, citing Fed. R. Civ. P. 33 and Local Civil Rules 26.3 and 33.3 of this court as its bases for objecting to the interrogatories.  The defendant served interrogatories and a request for the production of documents on the plaintiff, on November 7, 2008.  The plaintiff's responses to those discovery demands were due on December 10, 2008.  In a writing submitted to the defendant, dated December 5, 2008, the plaintiff stated:

> I will not answer to [*sic*] any request of yours until it is clear that you intend to comply in good faith with the discovery requests in this case and only then mail it to you.

> Before I receive an answer to all my questions in the interrogatories there will be no response from me.  If this is what you want this is what you get.

In a writing dated December 8, 2008, the defendant objected to the plaintiff's document production requests but, nonetheless, provided Crawford-Bey with non-privileged and responsive "personnel and departmental files."  On December 11, 2008, the defendant attempted

-2-

to resolve the dispute respecting Crawford-Bey's interrogatories, informally, in compliance with Fed. R. Civ. P. 37(a)(1).  The defendant advised the plaintiff "it is impermissible under the Federal and Local Rules to refuse to respond to [d]efendant's interrogatories and document requests based on any issues [the plaintiff] may have with [the defendant's] responses to [the plaintiff's] discovery requests."  On December 12, 2008, the defendant served the plaintiff with notice of its intention to depose her in January 2009.  The parties submitted a writing to the assigned district judge, jointly, dated December 25, 2008.  It detailed their respective positions regarding the discovery controversy.  Thereafter, the action was referred to the undersigned, to supervise, generally, the parties' pre-trial activities.

A telephonic conference was held with the parties on February 9, 2009.  As a result, the Court directed the plaintiff, through a written order dated February 10, 2009, to "attend the deposition proceeding scheduled for her by the defendant."  Moreover, the plaintiff was invited to "prepare and serve new interrogatories on the defendant that conform to the requirements of [Local Civil Rule 33.3 of this court]," the Court having determined that the interrogatories Crawford-Bey served on the defendant did not comply with that Rule.   In addition, the parties were directed to complete their pretrial discovery activities on or before May 4, 2009.  Crawford-Bey lodged objections to the February 10, 2009 order with the assigned district judge.  See Fed. R. Civ. P. 72.  The objections were not sustained.

During the February 9, 2009 telephonic conference with the Court, the plaintiff claimed to "live in South Carolina.  I do not live in New York.  I'm back and forth."  However, according to a writing, dated May 26, 2009, submitted to the Court by the defendant, the plaintiff submitted writings to the defendant, which were received by its counsel on May 11 and May 20, 2009, and were post-marked "Queens, NY."  Throughout the course of the instant litigation,

correspondence from the plaintiff has been received by the Court, which, according to United States Postal Service markings on the envelopes, were delivered on the following dates: December 29, 2008; January 16; February 12, 23; April 10, 13, 21; May 7, 13; June 3, 4, 2009, each of which was dispatched from either "New York, NY" or "Queens, NY."

There is not one item in the record of the instant litigation, submitted by Crawford-Bey, which bears a United States Postal Service indicia to establish it was mailed from any location other than New York.  Moreover, in a writing dated February 12, 2009, the plaintiff stated "I will be in [*sic*] the next 14 days in New York," and cited an address located in Elmhurst, Queens County, New York.  An envelope she mailed to the Pro Se Office for this judicial district, received on June 19, 2008, included a return address located in Elmhurst, New York, a community located in Queens County.  All other correspondence mailed to the court from the plaintiff, with one exception, has lacked a return address.[1]  Considering these writings have been signed by the plaintiff, the contention that it would be an "extreme burden" to be deposed in the judicial district where she instituted the instant litigation, and which borders the judicial district from which many of these signed writings have been mailed, throughout the course of the instant litigation, is incredible.

In March 2009, the plaintiff served the defendant with interrogatories that are indistinguishable from those the Court had determined previously were not in conformity with the relevant Local Civil Rule.  The defendant objected, and noted, in an April 10, 2009 writing, that the interrogatories were identical to those deemed impermissible previously.  The plaintiff

---

[1] The plaintiff declared, by her signature, in a defective "notice of motion," and an unsworn affirmation, each dated April 20, 2009, and each made under the penalty of perjury, that her "motion" was being made from "York, SC."  While an address label affixed to the envelope in which these items were delivered to the court indicated an address in York, South Carolina, the United States Postal Service designated the envelope as having been mailed from "Queens P&DC NY," on April 21, 2009.

advised the Court, in an April 2009 writing, that she "did not object to depositions," but wanted the Court to order the defendant to answer her interrogatories because, according to Crawford-Bey, "[t]he current interrogatories comply with the local rules."

With respect to the discovery demands the defendant served on Crawford-Bey, she either objected to them or, in those instances where she provided a response, she provided a response that was of no utility. Moreover, Crawford-Bey informed the defendant, that, unless and until her interrogatories are answered by the defendant, she will not comply with the defendant's discovery demands.

To address the parties' discovery dispute, on April 2, 2009, the Court issued an order scheduling a telephonic conference for April 16, 2009, and advised the plaintiff that failure to comply with any court order may result in the undersigned issuing a Report and Recommendation to the assigned district judge that the instant action be dismissed. During the April 16, 2009 telephonic conference with the Court, the plaintiff maintained that, as a result of injuries she obtained during a February 13, 2009 automobile accident, she "suffer[s] from pain and it will be difficult for [her] at this time to show up for an oral deposition . . . ." The plaintiff requested that her deposition be conducted by written questions, in light of her inability to travel. In response, the Court authorized the plaintiff to be deposed via telephone. The defendant elected to postpone the deposition, until Crawford-Bey's travel restriction is lifted, which she indicated might occur in May 2009.

During the April 16, 2009 telephonic conference the parties expressed views on each other's compliance with discovery obligations that differed sharply. As a result, the Court authorized both parties to make a motion to compel discovery. Thereafter, in an April 17, 2009 order, the briefing schedule for any such motion(s) was provided to the parties. The plaintiff

submitted a document, dated April 20, 2009, styled "motion to compel." Crawford-Bey's

"motion" lacked a supporting memorandum of law, as required by the court's Local Civil Rule

7.1(a).  The "motion" also lacked Crawford-Bey's original signature, a violation of Local Civil

Rule 11.1 of this court, and an affidavit of service.  Crawford-Bey's "motion" was returned to

her by the Pro Se Office for this judicial district, with instructions for curing the deficiencies

prior to resubmitting the motion.  Although the defendant opposed the plaintiff's deficient

"motion," she failed to cure the deficiencies and to resubmit the motion to the Pro Se Office for

filing.  Consequently, the only motion before the Court, for resolution, is the defendant's motion

dated May 4, 2009.

## DISCUSSION

"[W]hile pro se litigants may in general deserve more lenient treatment than those

represented by counsel, all litigants, [ ] have an obligation to comply with court orders."  Barclay

v. Doe, 207 Fed. Appx. 102, 104 (2d Cir. 2006) (citations omitted).[2]  Fed. R. Civ. P. 37 "focuses

on the discovery obligations of civil litigants, [and] grants a district court 'broad power' to

impose sanctions, including dismissal, on parties who engage in abusive litigation practices."

Mahon v. Texaco Inc., 122 Fed. Appx. 537, 538 (2d Cir. 2005) (citations omitted).  When pro se

litigants "flout that obligation they, like all litigants, must suffer the consequences of their

actions."  Barclay, 207 Fed. Appx. at 104.  Those consequences include an array of sanctions,

among them is dismissing an action, with prejudice.  See Agiwal v. Mid Island Mortg. Corp.,

555 F.3d 298, 302 (2d Cir. 2009).

The defendant contends dismissal is warranted, owing to Crawford-Bey's failure,

---

[2]A copy of the opinions cited herein published in the Federal Appendix have been mailed to the parties with this Report and Recommendation, in accordance with Lebron v. Sanders, 557 F.3d 76 (2d Cir. 2009).

repeatedly, to abide by court orders and meet her discovery obligations.  However, before exercising its discretion to impose the harsh sanction of dismissal, a court must consider several factors, among them are the following: "(1) the willfulness of the non-compliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance, and (4) whether the noncompliant party had been warned of the consequences of . . . noncompliance." Id. (citation omitted).

For approximately eight months, Crawford-Bey has demonstrated recalcitrant resistance to discharging her discovery obligations.  She has refused to: (i) provide executed authorizations for medical records to be released to the defendant; (ii) respond to written discovery demands; (iii) produce documents; and (iv) appear for her deposition.  Crawford-Bey has proceeded in this manner despite being ordered, repeatedly, to fulfill her discovery obligations and being advised, in writing, by the Court, that a failure to abide by a court order, including a discovery order, could result in a recommendation to the assigned district judge that this action be dismissed.

The plaintiff's insistence that the defendant answer the interrogatories she has served,[3] as a condition precedent to her responding to the defendant's discovery demands, is improper. Such a requirement contravenes the express language of Fed. R. Civ. P. 26(d)(2), which informs that discovery pursued by one party should not delay discovery efforts of another party. Moreover, the Court has explained to the plaintiff, on numerous occasions, both orally, during a telephonic conference, and through written orders, that the interrogatories she served on the defendant are improper, since they violate a local civil rule of this court and, as a result, they need not be answered by the defendant.  Nevertheless, the plaintiff has made multiple efforts

_____

[3] In the plaintiff's most recent writings she has attempted to recast her interrogatories as depositions on written questions, without complying with the procedures for such depositions that are set forth in Fed. R. Civ. P. 31.  Her attempt is to no avail.

subsequently to obtain answers to the same interrogatories, while ignoring the fact that: (a) they are improper; and (b) the Court advised her that future discovery demands she made, if compliant with the applicable local and federal rules, would be enforced by the Court.

It is reasonable to conclude, based on the above, that the plaintiff's refusal to comply with pertinent rules and numerous court orders is willful and indicative of bad faith.

The Court is mindful that dismissing an action, pursuant to Fed. R. Civ. P. 37, for a party's failure to comply with discovery rules or orders, "is a drastic remedy that should be imposed only in extreme circumstances, usually after consideration of alternative, less drastic sanctions." Reinhardt v. U.S. Postal Service, 150 Fed. Appx. 105, 106-07 (2d Cir. 2005) (citations and quotation marks omitted). Having considered all relevant factors, and the various sanctions short of dismissal that may be imposed on Crawford-Bey for her misconduct, and to deter others who might engage in such conduct in the future, see Agiwal, 555 F.2d at 303, the Court determined that, at this juncture, a sanction other than dismissal can be employed beneficially.

Therefore, the defendant's motion is granted to the extent that, as a sanction, on or before August 14, 2009, Crawford-Bey shall pay to the Clerk of Court $200.00 for her failure to obey court orders and meet her discovery obligations, which has resulted in an unnecessary and unjustified delay in the progression of this litigation. The Court will not require the plaintiff to pay the defendant the reasonable expenses, including attorney's fees it incurred, resulting from the plaintiff's failure, based on Crawford-Bey's representation to the Court that she is unemployed. See Fed. R. Civ. P. 37(d)(3).

The plaintiff shall be deposed by the defendant, in New York, New York, on a date determined by the defendant, which date shall be prior to August 21, 2009. On or before August

-8-

14, 2009, the plaintiff shall answer the defendant's interrogatories and respond appropriately to

the defendant's document demands. The plaintiff shall not assert objections either to the

defendant's interrogatories or to the document demands. In addition, on or before August 7,

2009, the plaintiff shall provide to the defendant fully executed authorizations releasing her

medical records to the defendant. Should the plaintiff fail to comply with this order, a Report

and Recommendation will be made to the assigned district judge that this action be dismissed.

## CONCLUSION

For the reasons set forth above, the defendant's motion, made pursuant to Fed. R. Civ. P.

37(b) and (d), Docket Entry No. 27, is granted to the extent noted above.

Dated: New York, New York
     July 24, 2009

Mailed copies to:

Vera Crawford-Bey
James S. Frank, Esq.

SO ORDERED:

KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

-9-