```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
VERA CRAWFORD-BEY,                              :

                        Plaintiff,              :

        -against-                               :        MEMORANDUM and ORDER

NEW YORK & PRESBYTERIAN HOSPITAL,               :        08 Civ. 5454 (RJS)(KNF)

                        Defendant.              :
------------------------------------------------------X
```
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

## INTRODUCTION

The plaintiff, proceeding pro se, moves for: (1) a protective order, pursuant to Fed. R. Civ. P. 26(c), shielding her from responding to the defendant's latest request for information and documents; (2) a protective order, pursuant to Fed. R. Civ. P. 30(d), prohibiting the resumption of her deposition by the defendant; and (3) an order compelling the defendant to respond to her interrogatories or "written deposition[s]."[1]

The defendant cross-moves, pursuant to Fed. R. Civ. P. 37, for an order compelling the plaintiff to: (1) respond fully to its interrogatories and document demands by, inter alia, identifying all individuals who have been assisting her in this action; and (2) testify at a continued deposition,

---

[1] The plaintiff makes citation to Fed. R. Civ. P. 26(3)(c) as the authority for her entire motion; however, no such rule exists. Interpreting the plaintiff's motion papers liberally, and construing them to raise the strongest arguments they suggest, the Court considers her motion to be making the three requests described above.

Moreover, in her Notice of Motion, the plaintiff claims to seek, in addition to or as an alternative to a protective order, "declaratory relief," pursuant to Fed. R. Civ. P. 57, in the form of a declaration, from the Court, that she has "completed the discovery process as requested by [the] [d]efendant and that [the] [d]efendant has not started yet to comply with discovery requested by [the] [p]laintiff[.]" The plaintiff misapprehends the purpose of Fed. R. Civ. P. 57 and the nature of a declaratory judgment. The purpose of Fed. R. Civ. P. 57 is to make all actions for a declaratory judgment, under federal law, subject to the Federal Rules of Civil Procedure. "Because an action for a declaratory judgment is an ordinary civil action, a party may not make a motion for declaratory relief, but rather, the party must bring an action for declaratory judgment." Int'l Brotherhood of Teamsters v. Eastern Conference of Teamsters, 160 F.R.D. 452, 456 (S.D.N.Y. 1995) (emphasis in original). The instant case is not an action for a declaratory judgment. As the plaintiff may not make a motion under Fed. R. Civ. P. 57, the Court does not consider her request for additional or alternative relief.

after responding fully to the interrogatories and document demands. The defendant also seeks an order notifying the plaintiff that her failure to comply with the Court's discovery orders will result in her preclusion from using any non-disclosed evidence in this action. Alternatively, the defendant cross-moves for an order: (1) dismissing the plaintiff's complaint, for failure to comply with court orders; and (2) awarding costs it incurred in making its cross-motion and opposing the plaintiff's motion.

## BACKGROUND

The plaintiff commenced the instant employment discrimination action on June 17, 2008. On November 7, 2008, the defendant served the plaintiff with its first sets of interrogatories and document requests and sought her authorization for release of her medical records. The plaintiff refused to respond to the defendant's interrogatories and document requests until it replied to her three sets of interrogatories, dated October 20, 2008. The plaintiff served her Fed. R. Civ. P. 26(a)(1) initial disclosure on the defendant in mid-November 2009, beyond the deadline set by the assigned district judge. Her disclosure provided the names of two witnesses, while alluding to the existence of "eight more witnesses," whose names and addresses were "not yet available" to the plaintiff. The plaintiff advised the defendant that the names of the additional eight witnesses "and the content of their testimony [would] be provided as soon as available[.]"

In a February 10, 2009 order, affirmed in its entirety by the assigned district judge after the plaintiff filed objections, the Court directed the plaintiff to: (1) supplement her responses to the defendant's discovery demands, by complying fully with Fed. R. Civ. P. 26(a)(1); and (2) attend the deposition scheduled for her by the defendant. The Court determined further that the plaintiff's interrogatories exceeded the scope of questions permitted by Local Civil Rule 33.3 of this court. The Court advised the plaintiff she was "free to prepare and serve new interrogatories on the defendant

that conform to the requirements of" Local Civil Rule 33.3.

Thereafter, the plaintiff objected to all the defendant's document requests and nearly all of its interrogatories, failed to execute the authorization forms releasing her medical records to the defendant, and refused to appear for her deposition. The plaintiff also continued to pursue, from the defendant, answers to her three sets of interrogatories, which the Court ruled previously were improper.

In a July 24, 2009 order, affirmed in its entirety by the assigned district judge after the plaintiff filed objections, the Court directed the plaintiff to: (1) provide the defendant, by August 7, 2009, fully executed authorization forms releasing her medical records; (2) respond, appropriately and without objection, by August 14, 2009, to the defendant's interrogatories and document demands; (3) pay $200, by August 14, 2009, to the Clerk of Court, for failing to obey court orders and meet discovery obligations; and (4) submit, by August 21, 2009, to a deposition by the defendant. The Court found the plaintiff's disregard of court orders to be "willful and indicative of bad faith" and warned her that failing to comply with the July 24, 2009 order would result in the issuance of a report and recommendation, to the assigned district judge, that her case be dismissed.

On August 12, 2009, the defendant received the plaintiff's partially executed authorization forms for release of her medical records.[2] On August 18, 2009, the defendant received the plaintiff's answers to its interrogatories. However, the plaintiff failed to provide the name of a single witness. In response to 15 of the defendant's 21 interrogatories, the plaintiff stated she could not answer the

---

[2] Since at least November 7, 2008, the defendant has sought, from the plaintiff, executed authorization forms, providing for release of her medical records from: (1) Dr. Darryl M. Isaacs ("Dr. Isaacs"), identified, in the complaint, as the plaintiff's physician; and (2) any other person or entity that has treated the plaintiff, since January 1, 1999. On August 12, 2009, the plaintiff provided the defendant with a signed authorization form to obtain Dr. Isaacs' records and a signed blank authorization form. The plaintiff failed to date either form and, more importantly, neglected to initial the section on each form providing for release of her mental health records, despite the defendant's clear, repeated requests that she initial that section.

question posed, because she was "under extreme stress and [could not] recall or concentrate[.]" Her remaining answers – for instance, that she did not know which witnesses she would call, "at this early stage" in the action, or that she would provide the defendant with contact information for unnamed persons in her complaint "in due time before the jury trial" – were evasive.

On August 20, 2009, the Clerk of Court for this judicial district received the plaintiff's payment of $200. On the same date, the plaintiff appeared for her deposition by the defendant; it lasted approximately seven hours. However, the plaintiff failed to produce all documents, in her custody or control, that responded to the defendant's document demands.[3] Although the plaintiff claimed to have "a lot of documents" to substantiate her claims, those materials were in a storage facility, owing to the plaintiff's alleged move, from New York, to South Carolina, in 2006. At her deposition, the plaintiff agreed to provide the defendant, at a later date, with, inter alia, the names and contact information for witnesses and individuals helping her with her case and her personal notes, allegedly documenting the nature and dates of discriminatory actions taken against her. The plaintiff also agreed to continue her deposition, at a later date, after producing all responsive documents.

On September 23, 2009, the defendant mailed, to the plaintiff, an original copy of her deposition transcript. Along with the transcript, the defendant provided the plaintiff with a list, titled Schedule A, of outstanding discovery requests ("Schedule A list"). See, Docket Entry No. 45, Affirmation of Kevin R. Brady, Ex. K. During a September 29, 2009 telephonic conference with the Court, the plaintiff objected to the additional information sought by the defendant. Thereafter, the

---

[3] On August 14, 2009, the defendant re-noticed the plaintiff's deposition, to commence "at 10:00 a.m. on August 20, 2009 and continuing on August 21, 2009, if necessary." The notice directed the plaintiff to produce, at her deposition, documents responsive to the requests appended to the notice as Appendix A, which were the same requests made in the defendant's First Request for the Production of Documents, served on the plaintiff on November 7, 2008.

plaintiff filed her motion for a protective order.

## DISCUSSION

**1. Protective Order**s

**A. Interrogatories and Document Demands**

The plaintiff moves for a protective order, barring the defendant's latest request for information and documents. The defendant cross-moves for an order compelling the plaintiff to respond fully to its interrogatories and document demands.

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense[.]" Fed. R. Civ. P. 26(b)(1). Pursuant to Fed. R. Civ. P. 26(c)(1), a district court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" by, inter alia, "forbidding [] disclosure or discovery." The party moving for a protective order, under Fed. R. Civ. P. 26(c), bears the burden of demonstrating good cause, which it establishes through "a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements." 8A Charles A. Wright, Arthur R. Miller & Richard L. Marcus, FED. PRAC. & PROC. CIV. § 2035 (3d ed.).

In its July 24, 2009 order, the Court granted the defendant the relief it now seeks, by ordering the plaintiff to respond, appropriately and without objection, to the defendant's interrogatories and document demands. The "new list of information and documents" referenced in the defendant's September 23, 2009 letter to the plaintiff, and attached thereto as Schedule A, is not "new" in that it seeks information not requested previously from the plaintiff. Rather, the list, created as a courtesy to the plaintiff, is a summary of outstanding discovery owed to the defendant. All the information sought through the Schedule A list was either explicitly requested in the defendant's original

interrogatories and document demands or encompassed by them.[4]

The material sought through the Schedule A list is clearly discoverable, see Fed. R. Civ. P. 26(b)(1), and the Court has previously ordered its production as such.  As to the plaintiff's motion for a protective order, she fails to make any showing – let alone establish good cause – why the defendant should not receive the information or documents requested through the Schedule A list.  In her reply papers, the plaintiff suggests she has no further information that is relevant to the case, arguing that the defendant has not presented proof that she has evidence that she has failed to produce.  However, this contradicts the plaintiff's testimony, at her deposition, that she has "a lot of documents" in a storage facility.  Accordingly, the plaintiff's motion, for a protective order, is denied.

The plaintiff must provide the defendant, on or before June 11, 2010, the information and all documents sought via the Schedule A list.

**B. Deposition**

The plaintiff moves for a protective order prohibiting the defendant from resuming her deposition. The defendant cross-moves for an order allowing it additional time to examine the plaintiff orally and compelling the plaintiff to testify at a continued deposition, after she responds fully to its outstanding discovery demands.

Fed. R. Civ. P. 30(d)(1) provides that "[u]nless otherwise stipulated or ordered by the court, a deposition is limited to 1 day of 7 hours."  However, a district court "must allow additional time . . . if needed to fairly examine the deponent or if the deponent, another person, or any other

---

[4] For example, though the defendant's First Set of Interrogatories did not expressly ask the plaintiff for the name and contact information of her so-called "internet buddies," Interrogatory No. 21 did direct the plaintiff to identify individuals who assisted her in responding to the interrogatories or the defendant's First Request for the Production of Documents.  At her deposition, the plaintiff testified that her "internet buddies" assisted her in such a manner.

circumstance impedes or delays the examination." Fed. R. Civ. P. 30(d)(1).  To prevent further examination, the deponent or a party may seek a protective order, pursuant to Fed. R. Civ. P. 30(d)(3).  To terminate or limit a deposition, the moving party must show the examination "is being conducted in bad faith or in a manner that unreasonably annoys, embarrasses, or oppresses" the deponent or party.  Fed. R. Civ. P. 30(d)(3)(A).  "Rule 30 clearly places the making of protective orders within the discretion of the trial court." Garland v. Torre, 259 F.2d 545, 550 (2d Cir. 1958)(affirming district court's denial of motion for a protective order where information sought through deposition was material and relevant to plaintiff's claim), cert. denied, 358 U.S. 910, 79 S. Ct. 237 (1958).

A review of the, albeit incomplete, deposition transcript presented to the Court reveals that the defendant deposed the plaintiff for approximately seven hours, on August 20, 2009.  The transcript makes clear that the plaintiff, owing to her failure to produce all documents she intends to use as evidence at trial, agreed to continue her deposition on another date, after producing those documents to the defendant.  Though the plaintiff now apparently seeks to renege on her earlier agreement with the defendant, the Court is compelled to provide the defendant with additional time to examine the plaintiff, as her admitted failure to provide documents and the names of witnesses she intends to use at trial impeded the defendant's examination significantly.

Nothing in the record before the Court indicates that the defendant conducted the plaintiff's deposition in bad faith or in a harassing manner, or that it will do so during the continued examination of the plaintiff.  Absent a showing of bad faith or harassment, on the defendant's part, the Court denies the plaintiff's motion to prohibit a resumption of her deposition.

Hence, the plaintiff is ordered to attend a deposition, by the defendant, in New York, New York, on a date of the defendant's choosing, on or before June 25, 2010.

**2. Plaintiff's Motion to Compel**

Part of the relief the plaintiff seeks through her latest motion, is an order compelling the defendant to respond to her interrogatories or "written depositions" within 30 days. Attached to the plaintiff's Notice of Motion are the identical three sets of interrogatories, which the plaintiff first served on the defendant, on October 20, 2008. The Court first ruled that the plaintiff's interrogatories were improper on February 10, 2009, and has reiterated its ruling in subsequent orders and telephonic conferences with the parties. In its February 10, 2009 order, the Court invited the plaintiff to prepare new interrogatories that complied with Local Civil Rule 33.3 of this court. Rather than do so, the plaintiff has simply continued to harass the defendant with the same interrogatories.[5]

In her reply papers, the plaintiff contends the Court should compel the defendant to respond to her interrogatories because the litigation is at a "late stage." The plaintiff misapprehends the basis for the Court's rejection of her interrogatories. As the February 10, 2009 order made clear: the plaintiff's interrogatories are improper because the questions posed exceed the scope of those permitted by Local Civil Rule 33.3(a), not due to the timing of their service upon the defendant. Since the plaintiff's interrogatories remain unaltered, her motion to compel is denied.

The defendant is correct in its contention that the plaintiff's motion is not "substantially justified" within the meaning of Fed. R. Civ. P. 37(a)(5)(B). See 8B Charles A. Wright, Arthur R. Miller & Richard L. Marcus, FED. PRAC. & PROC. CIV. § 2288 (3d ed.)(defining a "substantially justified" motion as one for which "reasonable people could genuinely differ on whether a party was

---

[5] In recent correspondence, the plaintiff has attempted to recast her interrogatories, which are directed at four non-parties, as depositions on written questions. However, as the Court noted in its July 24, 2009 order, the plaintiff has failed to comply with the service and notice procedures set forth in Fed. R. Civ. P. 31. Hence, even if the Court were to deem the plaintiff's recycled questions as depositions on written questions, rather than interrogatories, they remain improper.

bound to comply with a discovery rule"). Nevertheless, given the plaintiff's prior representation that she is unemployed, and with no evidence to establish the contrary, the Court finds her financial situation "make[s] an award of expenses unjust." See Fed. R. Civ. P. 37(a)(5)(B). Accordingly, the defendant's request, that it be awarded reasonable expenses incurred in opposing the plaintiff's motion to compel, including attorney's fees, is denied.

### 3. Defendant's Motion for Sanctions

The defendant, in its cross-motion, seeks an order notifying the plaintiff that her failure to comply with the Court's discovery orders will result in the preclusion of any non-disclosed evidence from this action.[6]

Fed. R. Civ. P. 37(b)(2)(A) provides that, where a party "fails to obey" a discovery order, the district court may sanction the disobedient party through a number of means, including but not limited to, "prohibiting the disobedient party . . . from introducing designated matters in evidence" and "dismissing the action or proceeding in whole or in part." See Fed. R. Civ. P. 37(a)(4)(for purposes of a motion to compel, "an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond"). Similarly, under Fed. R. Civ. 37(c), "[i]f a party fails to provide information or identify a witness . . . the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial[.]"

In its July 24, 2009 decision, the Court ordered the plaintiff to pay $200, to the Clerk of Court, as a sanction for her failure to obey the Court's February 10, 2009 order and meet her discovery obligations. The Court believed the $200 sanction would be sufficient to deter the plaintiff from future bad conduct; however, her willful disregard of the Court's July 24, 2009 order proves otherwise. First, the plaintiff did not respect a single deadline set, by the Court, in the July 24, 2009

---

[6] Insofar as the Court has granted the defendant's motion to compel, it need not consider the defendant's request for relief, in the alternative, at this juncture.

order, save for attending her deposition prior to August 21, 2009. Deadlines provided by the Court are not advisory; rather, they are firm dates that parties, even pro se litigants, are expected to meet. See Batac v. Pavarini Constr. Co., Inc., 216 Fed. Appx. 58, 60 n.1 (2d Cir. 2007) (affirming district court imposition of sanctions on pro se litigant who failed to comply with discovery deadlines). Second, the plaintiff did not execute, fully, forms authorizing the release of her medical records to the defendant. Third, the plaintiff did not identify a single witness in response to the defendant's interrogatories. Finally, the plaintiff withheld documents responsive to the defendant's document demands, frustrating her deposition and necessitating the provision of additional time for the defendant to examine her.

In light of the above, the defendant's motion is granted. Any information or documents the plaintiff fails to provide the defendant in response to the Schedule A list may not be used, by the plaintiff, as evidence in support of any motion, at a hearing or at trial. See Fed. R. Civ. P. 37(b)(2)(A)(ii); Fed. R. Civ. 37(c)(1). Moreover, to the extent the plaintiff did not respond properly to particular interrogatories and document demands, not on the Schedule A list, the plaintiff is precluded from using those witnesses or documents as evidence on any motion, at a hearing or at trial.

## CONCLUSION

The plaintiff is HEREBY ORDERED to provide the defendant, on or before June 11, 2010, with the information and all documents sought via the Schedule A list. The plaintiff is advised that any information or documents she fails to provide may not be used, by her, as evidence in support of any motion, at a hearing or at trial. Moreover, to the extent the plaintiff did not respond properly to particular interrogatories and document demands, not on the Schedule A list, the plaintiff is

precluded from using those witnesses or documents as evidence on any motion, at a hearing or at trial.

The plaintiff is FURTHER ORDERED to attend a deposition, by the defendant, in New York, New York, on a date of the defendant's choosing, on or before June 25, 2010.

This order serves as the plaintiff's final warning that failure to comply with the Court's orders will result in a report and recommendation to the assigned district judge that her action be dismissed, with prejudice. See Fed. R. Civ. P. 37(b)(2)(A)(v); see also Valentine v. Museum of Modern Art, 29 F.3d 47, 50 (2d Cir. 1994)("The severe sanction of dismissal with prejudice may be imposed even against a plaintiff who is proceeding pro se, so long as a warning has been given that noncompliance can result in dismissal."). Anything short of full compliance with this order – including adherence to the firm deadlines set – will be deemed a failure to comply, warranting such a report and recommendation.

This order resolves Docket Entry Nos. 43 and 46.

Dated: New York, New York
       May 26, 2010

SO ORDERED:

_____
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

Mailed copies to:

Vera Crawford-Bey
Kevin R. Brady, Esq.